**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, *Plaintiff*, v. THE ADKINS GROUP, INC., *Defendant*. | Civil Action No. 20-cv-10431 **OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on Plaintiff Travelers Casualty and Surety Company of America's ("Travelers") unopposed motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). D.E. 6. The Court reviewed all submissions made in support of the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Plaintiff's motion is **GRANTED in part** and **DENIED in part**.

I.     FACTUAL BACKGROUND & PROCEDURAL HISTORY

On or about March 24, 2005, The Adkins Group ("Adkins") and nonparty JRA Architecture, Inc. ("JRA") entered into a contract relating to work on the construction of the Beta Tennis Facility in Randolph, NJ ("Project").[1] Compl. ¶ 7. The contract read, in part, as follows:

---

[1] The Court derives the facts from Plaintiff's Complaint, D.E. 1, as well as the Declaration of Counsel ("Decl.") and exhibits submitted in conjunction with Plaintiff's motion for default judgment. *See Trs. of the Teamsters Pension Trust Fund of Phila. & Vicinity v. Riccelli Premium Produce, Inc.*, No. 10-3000, 2011 WL 1114175, at *1 (D.N.J. Mar. 23, 2011).

> The Architect [JRA] and the Owner [Adkins] mutually agree, to the fullest extent permitted by law, to indemnify and hold each other harmless from any and all damage, liability, or cost, including reasonable attorneys' fees and cost of defense, arising from their own negligent acts, errors or omissions in the performance of their services under this Agreement.

*Id.* Travelers issued an insurance policy to JRA, agreeing to cover any losses sustained by JRA relating to the Project. *Id.* ¶ 8.

On or about November 12, 2013, JRA and Adkins were named as defendants in a lawsuit in New Jersey state court (*Grand Slam Partners, LLC, et al. v. The Adkins Group, Inc.*, et al. Docket No. MRS-L-2984-13) relating to the Project. *Id.* ¶ 9. Through the litigation, which included a trial, Adkins was determined to be at fault and JRA was found to have no liability. *Id.* ¶ 10. The state litigation cost JRA $307,371.18 in attorneys' fees and costs, along with over $44,190.56 in consulting fees. *Id.* ¶ 12. Travelers paid these amounts per the insurance policy it issued to JRA. *Id.* ¶ 11. Adkins has not paid JRA and/or Travelers any of the fees and costs that Travelers incurred in defending Adkins in the underlying litigation. *Id.* ¶ 13.

On August 13, 2020, Travelers filed its initial Complaint in this matter, seeking payment of compensatory damages, attorneys' fees, and costs due to Adkins breach of the contract with JRA. D.E. 1. On October 16, 2020, Travelers filed a request to enter default as to Adkins. D.E. 5. The Clerk of the Court subsequently entered default, and on January 25, 2021, Plaintiff filed the instant motion for default judgment against Adkins. D.E. 6.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55 allows for the entry of default against a party that fails to plead or otherwise defend against claims. Fed. R. Civ. P. 55. "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, . . . and [has] repeatedly state[d] [its] preference that cases be

disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).

In entering a default judgment due to a defendant's failure to answer, a court must determine whether (1) it has personal and subject matter jurisdiction; (2) the defendants were properly served; (3) the complaint sufficiently pleads a cause of action; and (4) the plaintiff has proven damages. *Days Inns Worldwide, Inc. v. Jinisha Inc.*, No. 14-6794, 2015 WL 4508413, at *1 (D.N.J. July 24, 2015). Additionally, a court must determine the appropriateness of default judgment by weighing (1) the prejudice suffered by the party seeking default judgment; (2) whether the party subject to the default has a meritorious defense; and (3) the culpability of the party subject to default. *Id.* at *2.

## III. ANALYSIS

### A. Jurisdiction

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 08–3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)).

#### 1. Subject Matter Jurisdiction

Federal district courts have diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a). In cases dealing with diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Travelers is a Connecticut corporation

with its principal place of business in Hartford, Connecticut. Compl. ¶ 1. Adkins is an Indiana corporation with its principal place of business in Greenfield, Indiana. *Id.* ¶ 2. Therefore, there is complete diversity between the parties. Further, Travelers claims over $75,000 in damages. For purposes of determining the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Raspa v. Home Depot*, 533 F. Supp. 2d 514, 517 (D.N.J. 2007) (quoting St*. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). Accordingly, the Court has subject matter jurisdiction over this matter because the parties are diverse and Plaintiff sufficiently alleges in good faith that the amount in controversy exceeds $75,000.

### 2. Personal Jurisdiction

When determining questions of personal jurisdiction, federal courts conduct a two-step inquiry by first determining whether jurisdiction is permitted by the state's long arm statute and then whether personal jurisdiction violates due process. *IMO Indust., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). In New Jersey, this is condensed to a one-step analysis focusing on due process requirements because the state's long-arm statute allows "exercise of personal jurisdiction to the fullest limits of due process." *Id*.

The Due Process Clause only allows a state to exercise jurisdiction over an out-of-state defendant where "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1995) (quoting *Hanson v. Denckla*, 357 U.S. 235 (1958)). When a suit relates to the defendant's contacts with the forum, the court is deemed to have "specific jurisdiction." *See IMO Indus., Inc.*, 155 F.3d at 259. The Third Circuit uses a three-part test to determine whether specific jurisdiction exists for a defendant. *O'Connor v. Sandy Lane Hotel Co.,*

*Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007).  First, the defendant needs to have "purposefully directed [its] activities at the forum."  *Id.* (internal quotations omitted).  Then, the suit must "arise out of or relate to at least one of those activities."  *Id.* (internal quotations omitted).  Last, assuming the first two requirements are satisfied, the court must determine if the exercise of jurisdiction "comport[s] with fair play and substantial justice."  *Id*. (internal questions omitted).

      Here, Defendant entered into a contract with third-party JRA, which involved a construction project in Randolph, New Jersey.  Compl. ¶ 7.  As such, Defendant purposefully directed its activities at the forum.  The second requirement that activity "arise out of or relate to" these activities "requires a closer and more direct causal connection than that provided by the but-for test," but "there is no specific rule susceptible to mechanical application in every case."  *Colvin v. Van Wormer Resorts, Inc.*, 417 F.App'x 183, 187 (3d Cir. 2011) (quoting *O'Connor*, 496 F.3d at 323).  This litigation arises from activity in New Jersey because Travelers issued an insurance policy to cover any losses JRA sustained in connection with Project.  Compl. ¶ 8.  A lawsuit relating to the Project was brought against JRA and Adkins in the Superior Court of New Jersey, in which Adkins was determined to be entirely at fault.  *Id.* ¶ 10.  Finally, the losses sustained by JRA during and relating to this trial, as indemnified by Traveler's, is the reason for the present matter.  *Id.* ¶¶ 11-16.  Accordingly, Plaintiff's claims here are closely linked to actions stemming from purposeful availment within the forum, so the second factor is met.

      In interpreting the third factor for specific personal jurisdiction, courts look to "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, [and] the interstate . . . judicial system's interest in obtaining the most efficient resolution of controversies."  *Burger King*, 471 U.S. at 477.  If there are minimum contacts, then jurisdiction is presumptively constitutional, and it is up to the

5

defendant to show a compelling case that there are other considerations that would make jurisdiction unreasonable.  *Id.*  Because Adkins has not made any such claims, the third factor has been met.  In sum, the Court has personal jurisdiction over Defendant.

### B. Service

"In entering a default judgment, a court must [also] determine whether . . . the defendants were properly served."  *Wyndham Hotel Grp. Can., ULC v. 683079 Ontario Ltd.*, No. 17-4000, 2018 WL 2078704, at *6 (D.N.J. May 2, 2018).  Service of process is governed by Federal Rule of Civil Procedure 4.  In this instance, Adkins designated the Connecticut Secretary of State as its registered agent for service of process, Decl., Ex. E, and Plaintiff served of the summons and complaint on Adkins via the Connecticut Secretary of State, *id.*, Ex. F.  This comports with Federal Rule of Civil Procedure 4(h)(1)(B), which states that service of a corporation within the United States is proper by "delivering a copy of the summons and of the complaint to . . . any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(1)(B).

### C. Sufficiency of Plaintiff's Causes of Action

Next, the Court must determine whether the Complaint states a proper cause of action.  In doing so, the Court must accept all well-pleaded factual allegations in the pleadings as true, except as to damages.  *Chanel, Inc.*, 558 F. Supp. 2d at 535-36.

Count One states a valid cause of action.  It requests that Travelers be subrogated to JRA's rights under the contract between JRA and Adkins, and alleges that by virtue of the subrogation, Travelers incurred damaged by Adkins breach of the contract between it and JRA.  Compl. ¶¶ 14-16.  "Subrogation is an assignment that arises either by contract, or equitable principles."  *Cont'l Ins. Co. v. Boraie*, 672 A.2d 274, 278 (N.J. Super. Ct. Law Div. 1995).  Subrogation "is most often brought into play when an insurer who has indemnified an insured for damage or loss is subrogated

to any rights that the insured may have against a third party, who is also liable for the damage or loss." *Id.* (quoting *Standard Accident Ins. Co. v. Pellecchia*, 104 A.2d 288, 292 (N.J. 1954)). This is precisely what occurred here.

Travelers alleges that Adkins and JRA entered into a contract agreeing to indemnify each other for "any and all damage, liability, or cost, including reasonable attorneys' fees and cost of defense, arising from their own negligent acts, errors or omissions in the performance of their services . . . ." Compl. ¶ 3. A lawsuit was brought against JRA and Adkins for work done on Project, the result of which found Adkins to be entirely at fault. *Id.* ¶ 6. Because of an insurance policy between JRA and Travelers, Travelers indemnified JRA for the losses incurred during the underlying litigation of the suit. *Id.* ¶ 11. In so doing, Travelers became subrogated to JRA's rights under the contract between JRA and Adkins. *Id.* ¶ 15. Travelers, therefore, states a claim in Count One.

Count Two asserts a breach of contract claim. To state a claim for breach of contract, a plaintiff must allege that there is (1) a valid contract; (2) plaintiff performed under the contract; (3) defendant's breach of the contract; and (4) resulting damages. *Lacroce v. M. Fortuna Roofing, Inc.*, No. 14-7329, 2017 WL 431768, at *12 (D.N.J. Jan. 31, 2017) (citing *Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016)). Travelers alleges that there was a valid contract between JRA and Adkins. Compl. ¶ 7. Travelers further alleges that JRA performed under the contract, and Defendant breached the contract by failing to indemnify JRA for the fees it incurred to defend itself in the underlying suit. Compl. ¶ 19. Moreover, Travelers, as JRA's insurer, indemnified JRA and suffered losses. *Id.* ¶ 20. As the subrogee, Travelers's breach of contract claim sufficiently pled.

**D. Damages**

While the factual allegations of the complaint "will be taken as true" for a motion for default judgment, the amount of damages must still be proven. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). Further, courts have "considerable latitude in determining the amount of damages" to award with respect to a motion for default judgment. *Paniagua Grp., Inc. v. Hospitality Specialists, LLC*, 183 F. Supp. 3d 591, 605 (D.N.J. 2016).

As discussed, Travelers establishes that Adkins agreed to indemnify JRA for any costs incurred by Adkins, including reasonable attorneys' fees and costs. Compl. ¶ 7. Travelers also establishes that it issued an insurance policy to cover any losses that JRA sustained in connection with the Project. *Id.* ¶ 8. Accordingly, Plaintiff is entitled to recover costs that it incurred in indemnifying JRA for the underlying litigation and the reasonable attorneys' fee it has incurred thus far in this matter. Plaintiff seeks the following damages: (1) $307,371.18 in attorneys' fees and costs it incurred in relation to JRA's defense in the underlying litigation; (2) $44,190.56 in consulting fees incurred through the underlying litigation; and (3) $9,474.50 in attorneys' fees and costs related to the present action. Decl., Exs. B-D. Plaintiff provides bills and invoices to support its request for consulting fees and attorneys' fees incurred in the present matter. The invoices for the fees and costs incurred in relation to JRA's defense in the underlying litigation, however, only total $254,970.19. *Id.*, Ex. B. Therefore, the Court will award Plaintiff $254,970.19, but Plaintiff is provided leave to submit documentation to support the approximately $50,000 difference between its requested amount and the amount supported by Plaintiff's invoices.

In sum, Plaintiff is presently entitled to recover $308,635.25 in damages, including its attorneys' fees from this matter.

### D. Default Judgment Factors

Before entering default judgment, district courts must make explicit factual findings as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default. *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Here, all three factors weigh in favor of entering default judgment. First, Defendant never responded in this matter, and as such, "Defendant has put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp.*, 2015 WL 273656, at *3. Moreover, there is nothing in the Complaint to show that Defendant has a meritorious defense available. Second, Plaintiff has no other means to obtain relief for the harm allegedly caused by Defendant without default judgment, and will be prejudiced without an order of default judgment. *See Int'l Union of Painters v. Andrews Window Servs. LLC*, No. 15-3583, 2016 WL 3234516, at *3 (D.N.J. June 7, 2016). Lastly, because Defendant failed to answer or provide any reasonable explanation, the Court is permitted to draw an inference of culpability on its part. *Id*. As a result, the Court finds that default judgment is warranted.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment (D.E. 6) is **GRANTED in part** and **DENIED in part**. An appropriate Order accompanies this Opinion.

Dated: March 2, 2021

_____
John Michael Vazquez, U.S.D.J.